1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5747
    Fax: (415) 703-5843
8   Email: Steven.Warner@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry
   SF2008400828
10 .

11              IN THE UNITED STATES DISTRICT COURT

12             FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14

| | |
|---|---|
| 15  AN DAO, | Case No. C 07-4540 JF |
| 16                    Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17        v. | |
| 18  BEN CURRY, | |
| 19                    Respondent. | Judge: The Honorable Jeremy Fogel |

20

21       TO PETITIONER AN DAO, IN PRO PER:

22       PLEASE TAKE NOTICE that Respondent moves to dismiss the Petition for Writ of Habeas

23  Corpus, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the

24  United States District Courts, on the ground that the petition is brought beyond the statute of

25  limitations. This motion is based on the notice and motion, the supporting memorandum of

26  points and authorities and exhibits, the petition for writ of habeas corpus, the court records in this

27  action, and other such matters properly before this Court.

28  ///

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.                           *Dao v. Curry*
                                                                                      Case No. C 07-4540 JF

# INTRODUCTION

Dao, an inmate at the Correctional Training Facility, represents himself in this habeas corpus action. Dao is lawfully in the custody of the California Department of Corrections and Rehabilitation following his August 18, 1989 conviction for second-degree murder and attempted murder, for which he was sentenced to fifteen years to life. (Pet. 2.) Dao challenges the Board of Parole Hearings' decision denying him parole at a 2005 subsequent parole consideration hearing. (Pet. 7.) This Court should dismiss the petition because it is barred by the one-year statute of limitations.

# ARGUMENT

## THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to every federal petition for writ of habeas corpus filed on or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Therefore, AEDPA applies to Dao's petition.

AEDPA provides that a "1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1) (2000). In *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003), the court explained when the limitations period starts for a non-conviction proceeding such as Dao's 2005 subsequent parole consideration hearing. The court applied the AEDPA section which provides that the period starts on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Redd*, 343 F.3d at 1082, 1085. A petitioner challenging an administrative proceeding learns of his claims on the date that his administrative appeal is denied. *Redd*, 343 F.3d at 1079, 1084. The statute of limitations starts to run on the next day. *Id.* at 1084.

The statute of limitations is tolled during the entire period that the petitioner is seeking state collateral review of his claims, 28 U.S.C. § 2244(d)(2), beginning when the petitioner initially files his habeas claim in the state superior court until the state supreme court denies the petition. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

As of 2004 there has not been an administrative appeal process by which an inmate can

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.

*Dao v. Curry*
Case No. C 07-4540 JF

2

1  challenge a Board decision. Thus, Dao could have discovered the factual predicate of his claims
2  challenging his 2005 hearing no later than the date that hearing was final. Here Dao's hearing
3  was final on October 25, 2005. (Ex. 1, Subsequent Parole Consideration Hearing [Transcript], at
4  47.) Thus, Dao's federal habeas petition must have been filed one year later, unless time was
5  tolled. 28 U.S.C. § 2244(d)(1)-(2). Dao's superior court petition was filed on September 29,
6  2006. (Ex. 2, Pet. for Writ of Habeas Corpus, at 1.) The time between the date the Board's
7  decision became final and his superior court petition was filed is 338 days. In addition, the time
8  between the California Supreme Court's denial of Dao's petition for review on July 11, 2007
9  (Ex. 3, Supreme Court Denial) and the filing of this federal petition on August 31, 2007, is 50
10 days and is not tolled. *See* 28 U.S.C. § 2244(d)(2). Thus, 388 (338 + 50) days are not tolled and
11 Dao's federal petition is untimely by 23 days. Accordingly, this Court should deny Dao's
12 petition because it was filed beyond AEDPA's one-year statute of limitations.

## CONCLUSION

This Court should dismiss the petition because it exceeds the one-year AEDPA filing deadline.

Dated: May 5, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

40248751.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Dao v. Curry**

No.:   **C 07-4540 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>May 5, 2008</u>, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**An Dao, E-28538**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0686**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 5, 2008, at San Francisco, California.

|  |  |
| --- | --- |
| L. Santos | *[signature]* |
| Declarant | Signature |

40249587.wpd