NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AN DAO, | No. C 07-04540 JF (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | (Docket No. 4) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Board of Prison Terms ("Board") to deny him parole in 2005. Respondent has moved to dismiss the petition as untimely (Docket No. 4). Petitioner has not filed an opposition. For the reasons discussed below, the Court grants Respondent's motion.

**BACKGROUND**

In 1989, a jury in Orange County Superior Court convicted Petitioner of second degree murder (Cal. Penal Code § 187). He was sentenced to a term of 15 years to life in state prison. Petitioner challenges the Board's denial of parole at his second parole

1  suitability hearing on June 27, 2005.

2  On September 29, 2006, Petitioner filed a petition for a writ of habeas corpus in
3  state superior court, which denied the petition. The California Supreme Court denied the
4  petition on July 11, 2007. The instant federal petition was filed in on August 31, 2007.

## DISCUSSION

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post- conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

When the petition challenges an administrative decision such as the denial of parole, as here, § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (limitation period began to run the day after he received timely notice of the denial of his administrative appeal challenging disciplinary decision); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when the Board denied prisoner's administrative appeal challenging the Board's decision that he was unsuitable for parole). The "factual predicate" of the habeas claims is the

1  administrative appeal board's denial of the administrative appeal; it is not the denial of
2  the state habeas petition. <u>See</u> <u>id.</u> at 1082.  But because prisoners cannot administratively
3  appeal parole decisions as of May 1, 2004, <u>see</u> Cal. Code Regs., tit. 15, § 2050 (repealed
4  May 1, 2004), the statute should begin running on the date the parole denial becomes
5  final, <u>see</u> <u>Redd</u>, 343 F.3d at 1084.

6       Respondent contends that the decision became final on October 25, 2005, as stated
7  on the transcript of the parole consideration hearing.  (Resp't Mot. Ex. 1 at 47.)
8  Petitioner also attached a copy of the transcript to the petition as Exhibit A.  Petitioner has
9  filed no opposition to dispute that he received timely notice that the Board's parole denial
10 would become final on October 25, 2005.  Therefore, the limitations period began
11 running on October 26, 2005.  The limitation period expired one year later, on October
12 26, 2006.  The instant petition was not filed until ten months later on August 31, 2007.
13 Thus, absent tolling, the instant petition is untimely.

14      The one-year statute of limitations is tolled under § 2244(d)(2) for the "time
15 during which a properly filed application for State post- conviction or other collateral
16 review with respect to the pertinent judgment or claim is pending."  28 U.S.C. §
17 2244(d)(2). A prisoner challenging an administrative decision receives statutory tolling
18 for the period when state habeas petitions are pending.  <u>See</u> <u>Redd</u>, 343 F.3d at 1084.  In
19 the instant case, the limitations period ran from October 26, 2005 to September 29, 2006,
20 *i.e.*, for 338 days, before Petitioner filed his superior court petition.  Respondent does not
21 dispute that Petitioner is entitled to statutory tolling of the limitations period for the entire
22 time he was pursuing state collateral relief, *i.e.*, from September 29, 2006, the date
23 Petitioner filed his superior court petition, until July 11, 2007, the date the California
24 Supreme Court denied review.  Petitioner thereafter had 27 days remaining to file a timely
25 petition in this Court, *i.e.*, no later than August 7, 2007.  However, Petitioner filed the
26 instant petition on August 31, 2007, which is 24 days after the limitation period had
27 expired.

28      In sum, the instant petition was filed 24 days after the AEDPA statute of

1  limitations had expired.  Although the limitation period was tolled during the pendency of
2  Petitioner's state habeas petitions in the state courts, such tolling was not of sufficient
3  length to render the instant petition timely.  Petitioner has not filed an opposition to
4  dispute Respondent's motion or to account for the delay.  Furthermore, there is no ground
5  for equitable tolling apparent from the papers filed in this action.  Accordingly, the
6  petition will be dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 4) is GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

IT IS SO ORDERED.

DATED: 2/23/09

JEREMY FOGEL
United States District Judge